**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **AARON MILLER, # M-43843,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-1077-MJR** |
| | ) | |
| **THOMAS SPILLER,** | ) | |
| **WEXFORD HEALTH SOURCE, INC.,** | ) | |
| **C/ BROWN, DR. SHAH,** | ) | |
| **ANGEL RECTOR, LaDONNA LONG,** | ) | |
| **BRITTINY KELLY, MARY BERRY,** | ) | |
| **J. LANE, WILLIAM McFARLAND,** | ) | |
| **B. WALLA, SERGEANT McGUIRE,** | ) | |
| **J. LASHBROOK,** | ) | |
| **and ILLINOIS DEPT. of CORRECTIONS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He claims that Defendants have been deliberately indifferent to his serious medical conditions. He also raises a retaliation claim, and complains that his grievances have not been properly handled. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

According to the complaint, Plaintiff was shot six times several years ago. He still has a bullet lodged in his stomach and another in his chest (Doc. 1, p. 10). He has a hole and a seeping wound in his stomach, which requires regular dressing changes. These conditions cause him to suffer continual pain, as well as abdominal bleeding, bloody stool, and diarrhea.

The stomach wound has become infected on several occasions as a result of his medical caretakers' failure to provide regular clean dressings on the wound.  He also suffers from an enlarged hernia, a "percutaneous fistula," and a ventral abdominal defect (Doc. 1, p. 10).  A physician at Stroger Hospital advised Plaintiff that he needed reconstructive surgery to reconnect his stomach muscles that are detached.

Plaintiff arrived at Pinckneyville on December 22, 2014, and was housed in segregation.  He was given no wound dressing changes at all until either February 14, 2015, or March 18, 2015, despite having submitted numerous request slips and grievances (Doc. 1, pp. 10-11).

On January 5, 2015, he had an appointment with Defendant "Practitioner Angela" (the Court presumes this reference is to named Defendant Angel Rector, a nurse practitioner) (Doc. 1, p. 10).  Plaintiff advised her of the above medical conditions, noting that he was in constant pain and needed his prescribed medications and surgery.  She told him nothing could be done until he was released from segregation (Doc. 1, p. 11).  She did not change his wound dressing or provide him with any other treatment.

On February 20, 2015, Defendant Sergeant McGuire forced Plaintiff to carry a heavy bed, mattress, and property box, despite Plaintiff's protests that such activity would aggravate his stomach injury.  He showed Defendant McGuire his wound. Plaintiff suffered so much pain as a result that he could not sleep, and the leakage from his stomach got worse.

On March 18, 2015, the discharge from Plaintiff's stomach was so bad that he had to change his shirt three times in one hour.  An officer sent him to Health Care, where Defendant Officer Walla made cruel comments about the disgusting appearance of Plaintiff's wound.  She threatened to send Plaintiff to segregation when he tried to tell the nurse about his medical

problems.  Plaintiff filed a grievance over Defendant Walla's behavior.

The next day (March 19, 2015), Plaintiff saw a doctor – Defendant Shah – for the first time.  Plaintiff attempted to tell Defendant Shah about his medical conditions and need for surgery, but Defendant Shah told him to shut up (Doc. 1, p. 13).  He requested pain medication as well as medication for nerve damage in his arm.  Plaintiff also claimed that the soy in the prison food was causing him pain and complications with his stomach, and requested a special diet.  Defendant Shah refused to provide pain medication and told Plaintiff no surgery would be done at Pinckneyville.

Although Plaintiff continued to complain to Defendants Shah and Angel Rector, he never received any pain medication until August 2015 (Doc. 1, p. 24).  Before he arrived at Pinckneyville, Plaintiff had been prescribed Gabapentin for nerve damage in his arm, and Dilantin for a seizure disorder, and he had been given a wheelchair to use for "long distant travel."  Id.  He never received either of these prescriptions at Pinckneyville, and his wheelchair was taken away. *Id*.

On March 20, 2015, Plaintiff was finally given a dressing change.  The unidentified nurse who treated him told Plaintiff that the wound was infected and he needed antibiotics.  Plaintiff complains that Defendant Shah did not inform him that he had an infection.  It appears that Plaintiff ultimately did receive antibiotics for this infection.

Defendant Long "illegally" took paperwork out of Plaintiff's medical file, which prevented him from receiving the daily dressing changes prescribed by Defendant Shah from May 8 to May 22, 2015 (Doc. 1, p. 23).  Plaintiff suffered sores, bleeding, fluid leakage around his wound, and another infection during that time.  He later complained to Defendant Shah about the lack of dressing changes between May 8 and 22, and Defendant Shah confirmed that he had

prescribed dressing changes for that period.   Defendant Shah prescribed Plaintiff a stronger round of antibiotics (Doc. 1, pp. 24-25).

Defendant Officer Walla has stopped nurses from providing Plaintiff with wound care on many occasions, even though she was aware that Plaintiff has a prescription to receive dressing changes every day (Doc. 17, pp. 17-20).   Plaintiff filed a number of grievances over these incidents.   Plaintiff asserts both a deliberate indifference claim and a retaliation claim against Defendant Walla, stating that much of her interference was prompted by his grievances against her and the medical staff.   He also complains about her derogatory verbal comments.

Plaintiff gives an example from May 23, 2015.   After Defendant Walla had harassed him the previous day, Plaintiff was called to Health Care for a dressing change by Defendant Nurse McFarland, whom he had not seen before (Doc. 1, p. 21).   Defendant Walla was present to provide security.   As Plaintiff attempted to answer Defendant McFarland's questions regarding his condition and problems with his medical care, Defendant Walla interrupted, called Plaintiff a liar, and ultimately ordered Plaintiff to leave the Health Care Unit before he could get the dressing change (Doc. 1, pp. 21-22).

Defendant Nurses Brittany Kelly, Berry, and Lane failed to follow the doctor's orders for daily wound dressing changes (Doc. 1, p. 17).   While Plaintiff was in segregation for 45 days between May 26 and July 10, 2015, he estimates he got a dressing change only ten times.   He asked Defendant Kelly every day for a dressing change, but she responded, "you better be glad if I ever change it . . . 'they' told me not to never [sic] change it."   *Id*.   As a result, Plaintiff had excessive leakage from the wound, infection, and serious pain.

Plaintiff has complained to Defendants Shah, Brown (Chief Health Care

Administrator), Rector (Nurse Practitioner), and to the Warden[1] about his pain and need for surgery, to no avail. He asserts that he is being denied surgery because of a "cost-cutting policy to withhold surgery unless it's life threatening" (Doc. 1, p. 15). The stomach surgery had previously been authorized and scheduled while Plaintiff was at another institution. However, it was never performed.

Plaintiff has filed multiple grievances since December 2014 over the inadequate medical care at Pinckneyville, yet Defendant D. Flatt[2] (Grievance Officer) either loses, destroys, or ignores most of them (Doc. 1, pp. 16, 25). Plaintiff's complaints to the Warden about the grievance process have yielded no results. After Plaintiff filed a grievance over Defendant Flatt's "dereliction of his duty," Defendant Flatt shouted at Plaintiff, told him to stop filing grievances, got "in his face," and hit Plaintiff in the face with the grievance forms. Plaintiff claims he is "more afraid for [his] life than ever" after this incident, as Defendant Flatt is a physically large person (Doc. 1, p. 25). Plaintiff complains that Defendant Flatt has violated his First Amendment, due process, and equal protection rights, because he has not allowed Plaintiff to exhaust his administrative remedies through the grievance process.

Plaintiff seeks monetary damages for the violations of his rights.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

---

[1] Plaintiff names two Defendants, Spiller and Lashbrook, who are both identified as "Warden" (Doc. 1, pp. 1, 6). However, he never refers to either of them by name in the body of the complaint, instead using the title of "Warden" only (Doc. 1, pp. 15, 16, 23).

[2] Plaintiff listed D. Flatt as a Defendant in the case caption (Doc. 1, p. 1), but omitted him from the enumerated list of Defendants on pages 2-6 of the complaint. The body of the complaint includes factual allegations directed at D. Flatt. The Clerk shall be directed to add this individual as a Defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit."  *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:**  Eighth Amendment claim for deliberate indifference to medical needs against Defendants Rector, Kelly, Berry, Lane, Long, and McFarland, for failing to provide regular dressing changes for Plaintiff's stomach wound;

**Count 2:** Eighth Amendment claim for deliberate indifference to medical needs against Defendants Shah and Rector, for failing to provide Plaintiff with any pain relief between January and August 2015;

**Count 3:** Eighth Amendment claim for deliberate indifference to medical needs against Defendant Officer McGuire, for making Plaintiff carry heavy items on February 20, 2015, despite Plaintiff's informing him of his medical condition;

**Count 4:** Eighth Amendment claim for deliberate indifference to medical needs against Defendant Officer Walla, for preventing Plaintiff from obtaining wound dressing changes from health care staff;

**Count 5:** First Amendment retaliation claim against Defendant Officer Walla, for preventing Plaintiff from obtaining medical care after Plaintiff filed grievances against Defendant Walla and the medical staff;

**Count 6:** Eighth Amendment claim for deliberate indifference to medical needs against Defendants Shah, Rector, Brown, the Warden, and Wexford Health Sources, Inc., for denying permission for Plaintiff to have necessary reconstructive surgery on his stomach;

**Count 7:** First Amendment, due process, and/or equal protection claim against Defendant Flatt, for failing to properly handle Plaintiff's grievances, and for harassing and intimidating Plaintiff for bringing grievances.

Accepting Plaintiff's allegations as true, and giving liberal construction to the complaint, Plaintiff shall be allowed to proceed with portions of his claims in Counts 1-6, as detailed in the discussion below. However, Count 7 fails to state a claim upon which relief may be granted, and shall be dismissed.

## Counts 1 and 2 – Deliberate Indifference to Serious Medical Needs

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or

unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Plaintiff's stomach wound is obviously a serious medical condition which requires ongoing care, causes him considerable pain and other symptoms, and exposes him to the risk of infection when not cared for properly. Plaintiff's assertion that surgery is needed to correct this problem must be given credence at this stage of the litigation. In addition, "the existence of chronic and substantial pain" is an objectively serious medical condition in and of itself. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

With reference to Counts 1 and 2 against the medical providers, Plaintiff has alleged that he made the medical Defendants aware of these serious conditions, yet they failed to provide necessary care. Their acts and omissions placed Plaintiff at risk of serious harm, and in fact caused him to contract infections and suffer ongoing pain. Accordingly, Plaintiff may proceed with his deliberate indifference claims in **Count 1** against Defendants Rector, Kelly, Berry, Lane, Long, and McFarland, for failing to provide proper wound care, and in **Count 2** against Defendants Shah and Rector for deliberate indifference to Plaintiff's need for pain relief.

The Court notes that Plaintiff's claims for being denied his previously prescribed Gabapentin and Dylantin, and losing access to the wheelchair, are not included in Counts 1 or 2, or elsewhere in this action.  Plaintiff did not identify which individual(s) were responsible for these decisions, nor do the factual allegations establish that he had a serious medical need for these medications or for the wheelchair.  As such, any claim based on the denial of these two medications and the wheelchair is dismissed at this time without prejudice for failure to state a claim upon which relief may be granted.

Likewise, the allegation that Defendant Shah denied Plaintiff's request for a special diet due to his alleged problems with soy in the prison food fails to state a claim upon which relief may be granted.  No factual allegations support Plaintiff's assertion that he has serious medical problems caused by the soy in his diet.  This portion of the claim is also dismissed without prejudice.

## Count 3 – Deliberate Indifference – Defendant McGuire

Defendant Officer McGuire is not a health care provider.  However, a lay person may be liable for deliberate indifference to a serious medical need if, after becoming aware of a risk of serious harm to an inmate's health, he takes action that places the inmate in harm's way, or fails to act to mitigate the risk.  *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).  Here, Plaintiff claims that he told Defendant McGuire about his stomach wound, pulled up his shirt so the officer could see his condition, and informed Defendant McGuire that he was not able to lift and carry heavy objects because of this medical condition.  Nonetheless, Defendant McGuire forced him to do the work.  At this stage, the deliberate indifference claim in **Count 3** against Defendant McGuire shall also receive further consideration.

**Count 4 – Deliberate Indifference – Defendant Walla**

   Similarly, Defendant Walla was well aware, according to Plaintiff, of his need for regular wound treatment in the form of daily dressing changes.  However, she actively interfered with Plaintiff's ability to get this care on a number of occasions.  As a result, various nurses were not able to change Plaintiff's dressings when he needed this treatment.  **Count 4** for deliberate indifference to medical needs shall also proceed against Defendant Walla.

**Count 5 – Retaliation**

   Plaintiff lists a number of grievances that he filed against Defendant Walla, complaining about her verbal harassment as well as her interference with his medical appointments.  He claims that at least some of the time, her actions of preventing him from obtaining wound care were taken in retaliation for the grievances Plaintiff had filed against her and others.

   Prison officials may not retaliate against inmates for engaging in protected First Amendment activity, such as filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002).  At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action.  *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).  Plaintiff has adequately pled a retaliation claim against Defendant Walla that shall receive further review.

   However, Defendant Walla's verbal harassment and name-calling that Plaintiff describes do not rise to the level of a distinct constitutional violation.  Offensive though this conduct may be, "harassment, while regrettable, is not what comes to mind when one thinks of

'cruel and unusual' punishment." *Dobbey v. Ill. Dep't of Corrections*, 574 F.3d 443, 446 (7th Cir. 2009).  *See also Dewalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws").   To be sure, Defendant Walla's behavior went beyond verbal comments into the realm of retaliatory conduct as well as the matters that shall be considered in Count 4.  However, Plaintiff's description of his hurt feelings (embarrassment, humiliation, intimidation) do not indicate that he suffered a level of serious psychological harm sufficient to support a claim for cruel and unusual punishment based on the verbal harassment.  *See Beal v. Foster*, No. 14-2489, 2015 WL 5853694, at \*2-3 (7th Cir. Oct. 2, 2015).  Nor does it appear that Defendant Walla's harassment placed Plaintiff at risk of injury.  *See Id*.  Accordingly, any Eighth Amendment claim grounded in Defendant Walla's verbal harassment is dismissed without prejudice.

Count 5 shall proceed against Defendant Walla only on the retaliation claim.

## Count 6 – Deliberate Indifference – Surgery

Plaintiff alleges that surgery is medically necessary to repair his unhealed stomach wound, which includes a still-embedded bullet and detached muscle tissue.  His ongoing serious symptoms and pain support this conclusion.  According to Plaintiff, Defendants Shah, Rector, Brown, and the Warden (he does not specify whether he means Defendant Spiller, Defendant Lashbrook, or both) have refused to allow him to have this surgery.  This lengthy delay has prolonged Plaintiff's suffering from the stomach wound.  He further alleges that the reason he is being denied surgery is that officials are following a "cost-cutting policy" to disapprove surgery requests unless the problem is "life threatening" (Doc. 1, p. 15).  While he does not explicitly say so, his inclusion of Defendant Wexford Health Sources, Inc., ("Wexford")

suggests that Plaintiff is pointing to this company as the source of the cost-cutting policy.

Defendant Wexford is a corporation that employs Defendants Shah, Rector, and Brown and provides medical care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Liberally construed, Plaintiff's complaint alleges that these individual Defendants refused to authorize his stomach surgery as a result of an official policy espoused by Defendant Wexford. Accordingly, Plaintiff may proceed with his deliberate indifference claims in **Count 6** against Defendants Shah, Rector, Brown, and Wexford Health Sources, Inc.

Plaintiff has not requested injunctive relief. Had he done so, the current Pinckneyville Warden, in his or her official capacity, would be a proper party to include in the action for the purpose of implementing any injunctive relief that might be ordered. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out). Instead, Plaintiff is seeking only damages.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). Plaintiff does not specify whether he directed his requests for approval of the surgery to Defendant Spiller or to Defendant Lashbrook (both of whom he has described as "Warden"), and he gives no specifics as to the nature or

frequency of his communications to either of these individuals.  Furthermore, these officials cannot be held liable merely because they held supervisory authority over the other Defendants. The doctrine of *respondeat superior* is not applicable to § 1983 actions.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  The complaint, as currently pled, fails to state a claim upon which relief may be granted for personal liability against Defendant Spiller or Defendant Lashbrook.  Therefore, these parties shall be dismissed from the action at this time without prejudice.

Finally, Plaintiff includes the Illinois Department of Corrections as a Defendant, noting that he does so for purposes of indemnification.  However, this state government entity may not be sued for damages in a civil rights case.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same).  For this reason, Defendant Illinois Department of Corrections shall be dismissed from this action with prejudice.

To summarize, **Count 6** for deliberate indifference to Plaintiff's need for stomach surgery shall proceed only against Defendants Shah, Rector, Brown, and Wexford Health Sources, Inc.

## Dismissal of Count 7 – Grievances

Plaintiff complains at length about the failure of Defendant Flatt to properly handle or even respond to his grievances over the inadequate medical care, harassment, and other

issues detailed in the complaint.   However, the rejection or improper handling of inmate grievance complaints will not give rise to a constitutional claim.

Plaintiff's efforts to exhaust his administrative remedies by using the prison grievance process may be relevant in the event that a Defendant raises a challenge to Plaintiff's right to maintain a § 1983 suit over the substantive matters raised in the grievances.   Notably, prison remedies are deemed exhausted where "prison officials were responsible for the mishandling of [a prisoner's] grievance."   *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

A prison official's action or inaction in handling inmate grievances does not support an independent constitutional claim.   "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."   *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).   The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).   Therefore, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim" for relief.   *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).   *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).   For this reason, Plaintiff's claim in **Count 7** against Defendant Flatt for mishandling, losing, ignoring, or destroying his grievances is dismissed with prejudice.

Defendant Flatt's verbal (and physical) confrontation with Plaintiff over the grievances was certainly unprofessional.   However, that single incident does not raise a constitutional claim, for the same reasons discussed in Count 5 with reference to Defendant

Walla's harassment.  *See Beal v. Foster*, No. 14-2489, 2015 WL 5853694, at *2-3 (7th Cir. Oct. 2, 2015); *Dobbey v. Ill. Dep't of Corrections*, 574 F.3d 443, 446 (7th Cir. 2009).  Any claim against Defendant Flatt arising from the verbal harassment and hitting Plaintiff in the face with his papers is dismissed without prejudice.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

The motion for service of process at government expense (Doc. 4) is **GRANTED IN PART AND DENIED IN PART.**  Service shall be ordered below on those Defendants who remain in the action.  No service shall be made on the dismissed Defendants.

**Disposition**

The Clerk is **DIRECTED** to add Defendant **D. FLATT** (Grievance Officer) as a party to this action.

**COUNT 7** is **DISMISSED** for failure to state a claim upon which relief may be granted.  Defendants **SPILLER, LASHBROOK** and **FLATT** are **DISMISSED** from this action without prejudice.   Defendant **ILLINOIS DEPARTMENT of CORRECTIONS** is **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **WEXFORD HEALTH SOURCES, INC., BROWN, SHAH, RECTOR, LONG, KELLY, BERRY, LANE, McFARLAND, WALLA,** and **McGUIRE**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and

return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all*

*parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 21, 2015**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court