IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.   15-cv-1077-MJR-SCW |
| ) | |
| WEXFORD HEALTH SOURCE, INC., ) | |
| C. BROWN,DR. SHAH, ANGEL ) | |
| RECTOR, LADONNA LONG, ) | |
| BRITTINY KELLY, MARY BERRY, ) | |
| J. LANE, WILLIAM MCFARLAND, ) | |
| B. WALLA, and SGT. MCGUIRE, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

I. INTRODUCTION

Plaintiff Aaron Miller, acting *pro se*, brought the present civil rights lawsuit pursuant to 42 U.S.C. § 1983.   Plaintiff is an inmate incarcerated by the State of Illinois at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff alleges, among other things, that his Eighth Amendment rights were violated by officials and staff at Pinckneyville when he failed to receive medical treatment, or received deficient treatment, for a stomach wound.   This matter is currently before the Court on a Motion for Summary Judgment (Doc. 67) filed by Defendants Wexford Health Sources, Inc., Mary Berry, Mary Beth Lane, LaDonna Long, William McFarland, Angel Rector, and Vipin Shah ("Wexford Defendants").   The Wexford Defendants assert that Plaintiff

failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act and that they are entitled to summary judgment. Plaintiff filed a response, and this matter is ripe for disposition. As discussed below, the Court finds that the Wexford Defendants have failed to meet their burden, and their motion (Doc. 67) is **DENIED**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was shot six times several years ago and has bullets still lodged in his stomach and chest. (Doc. 8, p. 1). He suffers from a seeping wound in his stomach, which requires dressing changes regularly. *Id.* Plaintiff also suffers from an enlarged hernia, a percutaneous fistula, and another abdominal defect. *Id.* The thrust of Plaintiff's lawsuit is that at various times beginning December 22, 2014, Plaintiff received inadequate care for his ailments, or no care at all, from Pinckneyville staff. *See id.* at 2-5. For instance, among Plaintiff's allegations is that his wound dressings were not changed from December 22, 2014, through either February 14, 2015, or March 18, 2015. *Id.* at 2. Plaintiff claims that he filed grievances relating to these problems, as required by the Illinois Department of Corrections ("IDOC") administrative remedies process. (*See* Doc 68-1, p. 10).

To support their assertion that Plaintiff failed to exhaust his administrative remedies prior to filing suit, the Wexford Defendants provided at least a portion of Plaintiff's responses to the defendants' written discovery. *See id.* at 1-23. In answering a set of Defendants' interrogatories, Plaintiff "identif[ied] all steps [he] took to grieve each issue…." *Id.* at 10. In doing so, Plaintiff stated there are "approximately 22 grievances

in which I have copies of, yet there [are] many that I Filed with the Counselor or grievance officer that I didn't make copies of…." *Id*. He goes on to state that there were "grievances that were mishandled[,] lost, destroyed, or misplaced, but I do have approximittly [sic] 22 grievances within…." *Id.* Plaintiff then listed the dates for the 22 grievances for which he had copies. *Id.* In his response to the defendants' request for production requesting the Plaintiff produce all grievances filed by him against the defendants, Plaintiff wrote, "All information is within, the only grievances that were not sent are those that were mishandled by Pinckneyville Staff[,] which are many." *Id.* at 19.

As part of the fact section of their Memorandum in Support, the Wexford Defendants reference Plaintiff's discovery responses and state, "Plaintiff stated which grievances are applicable to his exhaustion of his administrative remedies in this suit. Plaintiff claims that twenty-two grievances are relevant…." (Doc. 68, p. 3). The Wexford Defendants also provided along with their motion, a large number of grievances, related appeals, and Administrative Review Board responses. The provided documents appear to include the twenty-two grievances listed by Plaintiff. (*See generally*, Docs. 68-2 through 68-20). Defendants did not provide, however, any affidavit, grievance log, or other documentation from the IDOC listing, or otherwise indicating, the number and/or nature of grievances filed by Plaintiff since December 2014.

### III. LEGAL STANDARDS

#### a. *Summary Judgment Standard*

Summary judgment is appropriate only if the admissible evidence considered as a

3

whole shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Archdiocese of Milwaukee v. Doe*, **743 F.3d 1101, 1105 (7th Cir. 2014) (citing Fed.R.Civ.P. 56(a))**. The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits and/or information obtained via discovery—the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, **477 U.S. 317, 323 (1986)**. A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 248 (1986)**. *Accord Bunn v. Khoury Enterpr. Inc.*, **753 F.3d 676 (7th Cir. 2014)**. In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Anderson v. Donahoe*, **699 F.3d 989, 994 (7th Cir. 2012);** *Delapaz v. Richardson*, **634 F.3d 895, 899 (7th Cir. 2011)**. As required by Rule 56(a), the Court sets "forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Community Contacts, Inc.*, **756 F.3d 542 (7th Cir. 2014)**.

A motion for summary judgment based upon failure to exhaust administrative remedies typically requires a hearing to determine any contested issues regarding exhaustion, and a judge may make limited findings of fact at that time. *Pavey v. Conley*, **544 F.3d 739, 742 (7th Cir. 2008).** The case may proceed on the merits only after any contested issue of exhaustion is resolved. *Pavey*, **544 F.3d at 742.** Generally, the Court's

role on summary judgment is not to evaluate the weight of the evidence, to judge witness credibility, or to determine the truth of the matter. Instead, the Court is to determine whether a general issue of triable fact exists. *Nat'l Athletic Sportwear Inc. v. Westfield Ins. Co.*, **528 F.3d 508, 512 (7th Cir. 2008)**. In *Pavey*, however, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. *Pavey*, **544 F.3d at 740-41.** Here, the question of exhaustion is a purely legal question, and no hearing is required.

### b. PLRA's Exhaustion Requirement

The affirmative defense of failure to exhaust depends on whether a plaintiff has fulfilled the PLRA's exhaustion requirement, which in turn depends on the prison grievance procedures set forth by the Illinois Department of Corrections. *See Jones v. Bock*, **549 U.S. 199, 218 (2007).** To properly exhaust administrative remedies under the PLRA, a Plaintff is required to comply with prison grievance procedures. *Id.* The PLRA provides that "no action shall be brought [under federal law] with respect to prison conditions…by a prisoner…until such administrative remedies as are available are exhausted." **42 U.S.C. § 1997e(a)**. Under the PLRA, exhaustion of administrative remedies is mandatory, and unexhausted claims cannot be brought in court. *Jones*, **549 U.S. at 211.** The case may proceed on the merits only after any contested issue of exhaustion is resolved by the court. *Pavey*, **544 F.3d at 742.**

The Seventh Circuit takes a strict compliance approach to exhaustion by requiring

inmates to follow all grievance rules established by the correctional authority. *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir. 2006).** A prisoner must therefore "file complaints and appeals in the place, and at the time, the prison's rules require." *Pozo v. McCaughtry*, **286 F.3d 1022, 1025 (7th Cir. 2002).** The PLRA's plain language makes clear that an inmate is required to exhaust only those administrative remedies that are available to him. **42 U.S.C. § 1997e(a).** Where a prisoner fails to follow the proper procedure, however, the grievance will not be considered exhausted. *Pavey v. Conley*, **663 F.3d 899, 903 (7th Cir. 2011).** The purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims internally, prior to federal litigation. *Kaba v. Stepp*, **458 F.3d 678, 684 (7th Cir. 2006).**

Additionally, exhaustion is a precondition to filing suit; a prisoner may not file suit in anticipation that his administrative remedies will soon become exhausted. *Ford v. Johnson*, **362 F.3d 395, 398 (7th Cir. 2004).** Rather, a prisoner must wait to bring a suit until after he completes the exhaustion process. *Perez v. Wisconsin Dept. of Corrections*, **182 F.3d 532, 535 (7th Cir. 1999) (citing 42 U.S.C. § 1997e(a))**. A suit that is filed prior to the exhaustion of remedies must be dismissed, even if a plaintiff's administrative remedies become exhausted during the pendency of the suit. *Id.*

  c. *Exhaustion Requirement under Illinois Law*

IDOC's process for exhausting administrative remedies is laid out in the Illinois Department of Corrections Grievance Procedures for Offenders. **20 Ill. Adm. Code § 504.810.** If unable to resolve a dispute with a counselor, a prisoner may file a written

grievance with the Grievance Officer within sixty (60) days of discovery of the dispute. *Id.* The grievance should include "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint…[or] as much descriptive information about the individual as possible." *Id.* The grievance officer shall review the grievance and report findings and recommendations to the Chief Administrative Officer. **20 Ill. Adm. Code § 504.830(d)**. The prisoner will then have the opportunity to review the CAO's response. *Id.* If the prisoner is unsatisfied with the institution's resolution of the grievance, he may file an appeal to the Director through the Administrative Review Board within 30 days of the CAO's decision. **20 Ill. Adm. Code § 504.850**. The ARB is required to make a final determination of the grievance within six months after reciving it. *Id.* Completion of this process exhausts a prisoner's administrative remedies.

In emergencies, the Illinois Administrative Code also provides that a prisoner may request his grievance handled on an emergency basis by forwarding the grievance directly to the CAO. **20 Ill. Adm. Code § 504.840**. The grievance may be handled on an emergency basis if the CAO determines that there exists a substantial risk of imminent personal injury or other serious or irreparable harm to the offender. *Id.* The request to have a grievance handled on an emergency basis may also be appealed to the ARB. **20 Ill. Adm. Code § 504.850**.

IV. ANALYSIS

The Wexford Defendants have failed to meet their burden of demonstrating that they are entitled to summary judgment. In their Memorandum in Support, the Wexford Defendants representation of Plaintiff's position as to his grievances does not accurately reflect his statements in their own exhibits. First, in their fact section, they state that Plaintiff indicated that twenty-two grievances are relevant. Then, in their Argument section, they state "Plaintiff, helpfully, outlined in his discovery responses which grievances he claims exhaust his remedies against Defendants." (Doc. 68, p. 12). The defendants' statements are not accurate, however. In his responses to the IDOC Defendants' written discovery, which the defendants submitted in support of their motion, Plaintiff clearly states that the 22 grievances he references are the relevant grievances *of which he has copies*. He indicates, however, that there are numerous other grievances he submitted that were not returned to him and of which he does not have copies. The Wexford Defendants gloss over Plaintiff's statements that he submitted numerous grievances that were unreturned. Such a fact, if true, however, would be very important. If an inmate never receives a response to his grievance, then his attempts at exhaustion of the subject matter of that grievance are deemed thwarted and the inmate may proceed with his lawsuit. *See Walker v. Sheahan*, **526 F.3d 973, 979 (7th Cir. 2000) (an inmate is not required to appeal his grievance if he submits the grievance to the proper authorities but never receives a response);** *Dole*, **438 F.3d at 809 (a remedy can be unavailable to a prisoner if the prison does not respond to the**

**grievance or uses misconduct to prevent a prisoner from exhausting his resources).**

As such, if Plaintiff sent grievances that were not returned to him, and those grievances were related to the subject matter of this lawsuit, then Plaintiff would be deemed to have exhausted. Typically, pursuant to *Pavey*, in a situation where an inmate claims grievances were lost, the Court would hold an evidentiary hearing and attempt to gauge the inmate's credibility. Such a hearing is only held, however, when there is an actual contested factual issue on the matter. *Pavey*, **544 F.3d at 742**. Here, the Wexford Defendants have failed to demonstrate that there is an issue of fact as to whether there are relevant grievances that were never returned to Plaintiff. Nowhere do the defendants provide evidence disputing, nor do they otherwise contest, Plaintiff's statements in the record that he sent relevant grievances that were not returned.

The defendants ignore those statements and base their motion on the twenty-two grievances specifically singled out by Plaintiff, as if those were the only grievances Plaintiff claims he sent. That clearly is not his claim. Had the Wexford Defendants provided some evidence disputing Plaintiff's statements that he sent grievances that were not returned—such as a grievance log or an affidavit from an official at IDOC—there would be an issue of fact on the matter and the magistrate judge would have held a hearing.[1] Their failure to do so renders Plaintiff's statements (provided as part of the record submitted by the defendants) that he sent grievances that were unreturned, to be an undisputed fact. As such, the Wexford Defendants have

---

[1] As best the Court can tell, the grievance and appeal documents filed by the defendants were produced by Plaintiff in discovery and were not obtained from IDOC.

failed to meet their "burden…of demonstration" to the Court that they are entitled to summary judgment. *Spierer v. Rossman*, **798 F.3d 502, 508 (7th Cir. 2015)**.

V. CONCLUSION

There is no dispute from the Wexford Defendants that Plaintiff sent grievances relevant to this suit that were not returned to him. The Court finds that Plaintiff exhausted his administrative remedies, and the Wexford Defendants have failed to meet their burden on their summary judgment motion pursuant to *Pavey*. Therefore, the Wexford Defendant's Motion for Summary Judgment (Doc. 67) is **DENIED**.

**IT IS SO ORDERED**.

DATED: March 10, 2017

*s/ Michael J. Reagan*
MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**